# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Neil Allan Maxfield and Alison Rene Maxfield,

    Debtor(s).

Case No. 10-30580
Chapter 13

***OBJECTION TO CONFIRMATION***

---

TO:     Debtor(s) and Attorney for Debtor(s); Jasmine Z Keller, Chapter 13 Trustee; U.S. Trustee; and other parties in interest.

1.   Bremer Bank, N.A., a secured creditor of Debtor(s), makes this objection to the confirmation of the proposed plan of the Debtor(s).

2.   This objection is filed pursuant to Fed. R. Bankr. P. 3020(b) and Bremer Bank, N.A. requests this Court to enter an order denying confirmation of Debtor(s)' proposed Chapter 13 plan (the "Plan"). This Court has jurisdiction over this motion pursuant to 28 U.S.C. Sec. 1334(a) and 157(a), 11 U.S.C. §1325 and applicable rules.  This is a core proceeding.

3.   Hearing on confirmation of the Plan is scheduled for **10:30 am** on **Thursday, March 25, 2010**, before the Honorable Gregory F. Kishel, in Courtroom No. 2A, 2nd floor, United States Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101, or as soon thereafter as counsel can be heard.

4.   The petition commencing this Chapter 13 case was filed on January 29, 2010 and the case is now pending in this Court.

5.   Bremer Bank, N.A. holds a valid, perfected interest in real property described as:  LOT 1 (ONE), BLOCK ONE (1) IN CARRIAGE PLACE, DAKOTA COUNTY, STATE OF MINNESOTA.

6. Copies of Bremer Bank, N.A.'s agreement with Debtor(s) (the "Contract") and evidence of perfection of Bremer Bank, N.A.'s interest in the Property are attached hereto as Exhibits A and B and incorporated herein by reference.

7. The balance due to Bremer Bank, N.A. as of the petition date totals $92,807.55 together with interest accruing at the contract rate of 6.00%. The fair market value of the Property is $290,000.00 and is the Debtors' principal residence. Accordingly, the claim of Bremer Bank, N.A. should be treated as secured to the extent of $92,807.55 – and cannot be modified under 11 U.S.C. Sec. 1322(b)(2).

8. The Plan, however, is attempting to strip Bremer Bank, N.A's lien on the Property.

9. 11 U.S.C. Sec. 1322(b)(2) precludes such a cramdown when, as in this case, the Property is the Debtors' principal residence.

10. The Plan fails to satisfy Bremer Bank, N.A.'s secured claim plus interest utilizing the payments set forth by Debtors. Accordingly, the Plan does not meet the confirmation requisites and should be denied.

11. The Plan does not comply with the provisions of Chapter 13.

12. The Plan does not provide Bremer Bank, N.A. with adequate protection of its interest in the Property.

13. Movant gives notice that it may, if necessary, call Amie Cobb or another representative of Bremer Bank, N.A. to testify at the hearing.

14. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

WHEREFORE, Bremer Bank, N.A. respectfully requests this Court to enter an order denying

confirmation of the Debtor(s)' proposed plan and such other further relief as is just and equitable.


Dated: <u>March 17, 2010</u>                          STEWART, ZLIMEN & JUNGERS

                                        By <u>     /e/ Bradley J. Halberstadt     </u>
                                            Bradley J. Halberstadt (#215296)
                                            Attorneys for Movant
                                            2277 Highway 36 West, Suite 100
                                            Roseville, MN  55113
                                            (612) 870-4100

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Case No. 10-30580
                                                Chapter 13
Neil Allan Maxfield and Alison Rene Maxfield,

    Debtor(s).

## VERIFICATION

I, Amie Cobb, a Bankruptcy Specialist of Bremer Bank, N.A. declare under penalty of perjury that
the facts contained in the Objection to Confirmation are true and correct to the best of my knowledge,
information and belief.

Dated: 3-17-10

Amie Cobb
Bankruptcy Specialist
Bremer Bank, N.A.

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $90,315.86 | 05-13-2009 | 08-01-2024 | | | | 118 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**
NEIL A. MAXFIELD
ALISON R. MAXFIELD
14820 SOUTHPOINT CURVE
BURNSVILLE, MN 55306

**Lender:**
Bremer Bank, National Association
Eagan Office
8555 Eagle Point Blvd
P.O. Box 1000
Lake Elmo, MN 55042

---

**Principal Amount: $90,315.86**      **Interest Rate: 6.000%**      **Date of Note: May 13, 2009**

**PROMISE TO PAY.** I ("Borrower") jointly and severally promise to pay to Bremer Bank, National Association ("Lender"), or order, in lawful money of the United States of America, the principal amount of Ninety Thousand Three Hundred Fifteen & 86/100 Dollars ($90,315.86), together with interest on the unpaid principal balance from May 13, 2009, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 6.000% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 179 regular payments of $543.41 each and one irregular last payment estimated at $64,924.43. My first payment is due July 1, 2009, and all following payments are due on the same day of each month after that. My final payment will be due on June 1, 2024, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. I will pay Lender at Lender's address shown above or at such other place as Lender may require in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a minimum interest charge of $10.00. Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. If I do make any payments before they are due, I understand that unless Lender agrees otherwise in writing, I will still have to continue to make my regular payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bremer Bank, National Association; Eagan Office; 8555 Eagle Point Blvd; P.O. Box 1000; Lake Elmo, MN 55042.

**LATE CHARGE.** If a payment is 11 days or more late, I will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $50.00, whichever is less.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Cure Provisions.** If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after receiving written notice from Lender demanding cure of such default: (1) cure the default within three (3) days; or (2) if the cure requires more than three (3) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** If I am in default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay

or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Minnesota without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Minnesota.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $15.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLECTION OF SATISFACTION FEE.** I agree to the payment of a satisfaction fee to be collected at the time of loan payoff. This fee will be used to record the satisfaction of your mortgage with lender. .

**THIS NOTE IS IN REPLACEMENT BUT NOT PAYMENT OF THAT CERTAIN CREDITLINE AGREEMENT DATED MAY 26, 2004 IN THE ORIGINAL PRINCIPAL AMOUNT OF $90,000.00.**

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: Bremer Service Center 8555 Eagle Point Boulevard, P.O. Box 1000 Lake Elmo, MN 55042.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. In addition, Lender shall have all the rights and remedies provided in the related documents or available at law, in equity, or otherwise. Except as may be prohibited by applicable law, all of Lender's rights and remedies shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of me shall not affect Lender's right to declare a default and to exercise its rights and remedies. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**SECTION DISCLOSURE.** To the extent not preempted by federal law, this loan is made under Minnesota Statutes, Section 47.59.

PRIOR TO SIGNING THIS NOTE, I, AND EACH OF US, READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I, AND EACH OF US, AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

BORROWER:

X _____           X _____
NEIL A. MAXFIELD                                             ALISON R. MAXFIELD

Digital Images Provided By U. S. Recordings / © 2010 - U. S. Recordings - All Rights Reserved



Doc.No: 541168
Certificate No: 126543 —
Office of the County Register of Titles
Dakota County, Minnesota
Certified that the within instrument
was recorded in this office on
07/01/2004 at 11:30am
Joel T. Beckman, Register of Titles
By: 3N8, Deputy
Fee: 16.00 Surcharge: 4.50
Escrow: 19.50
Us Recordings
Return Us Recordings
DO NOT REMOVE

US Recordings

DAKOTA COUNTY TREASURER-AUDITOR
06/17/2004 13:13:46 895164
REGISTERED 7/01 TAX
COUNTY CONSERVATION FEE
RECEIPT NUMBER 569169
207.00
5.00

# MORTGAGE

RECORDATION REQUESTED BY:
Bremer Bank National Association
Eagan Office
1995 RahnCliff Court
Eagan, MN 55122

WHEN RECORDED MAIL TO:
Bremer Service Center
MN-001-24FC
8555 Eagler Point Boulevard
Lake Elmo, MN 55042

SEND TAX NOTICES TO:
ALISON RENE MAXFIELD
NEIL ALLEN MAXFIELD
14820 SOUTHPOINTE CURVE
BURNSVILLE, MN 55306

RECEIVED

JUN - 9 2004

DAKOTA COUNTY
TREASURER-AUDITOR

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

**MAXIMUM LIEN. NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE MAXIMUM PRINCIPAL AMOUNT OF THE LINE OF CREDIT SECURED BY THIS MORTGAGE AT ANY ONE TIME IS $90,000.00.**

**THIS MORTGAGE** dated May 26, 2004, is made and executed between ALISON RENE MAXFIELD, whose address is 14820 SOUTHPOINTE CURVE, BURNSVILLE, MN 55306 and NEIL ALLEN MAXFIELD, whose address is 14820 SOUTHPOINTE CURVE, BURNSVILLE, MN 55306; WIFE AND HUSBAND (referred to below as "Grantor") and Bremer Bank, National Association, whose address is 1995 RahnCliff Court, Eagan, MN 55122 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages and conveys to Lender, with power of sale, all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property")** located in DAKOTA County, State of Minnesota:

**LOT 1 (ONE), BLOCK ONE (1) IN CARRIAGE PLACE**

**The Real Property or its address is commonly known as** 14820 SOUTHPOINTE CURVE, BURNSVILLE, MN 55306. **The Real Property tax identification number is** 02-16400-010-01

**REVOLVING LINE OF CREDIT.** Specifically, in addition to the amounts specified in the Indebtedness definition, and without limitation, this Mortgage secures a revolving line of credit, which obligates Lender to make advances to Grantor up to a maximum principal amount of $90,000.00 so long as Grantor complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Mortgage secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in this Mortgage and any intermediate balance.

**THIS MORTGAGE, INCLUDING THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

_____

In re:                                                                      Case No.10-30580
                                                                                   Chapter 13
Neil Allan Maxfield and Alison Rene Maxfield,

                                                                    ***MEMORANDUM IN SUPPORT OF***
        Debtor(s).                                          ***OBJECTION TO CONFIRMATION***

_____

  Bremer Bank, N.A. submits this memorandum of law in support of its objection to confirmation in

the above-entitled matter.

FACTS

  Bremer Bank, N.A. holds a valid, perfected interest in real property described as:  LOT 1 (ONE),

BLOCK ONE (1) IN CARRIAGE PLACE, DAKOTA COUNTY, STATE OF MINNESOTA, (the

"Property").

  The balance due to Bremer Bank, N.A. as of the petition date totals $92,807.55 together with

interest accruing at the contract rate of 6.00%.  The fair market value of the Property is $290,000.00 and

is the Debtors' principal residence.  Accordingly, the claim of Bremer Bank, N.A. should be treated as

secured to the extent of $92,807.55.  The Plan, however, is attempting to strip Bremer Bank, N.A's lien

on the Property.  11 U.S.C. Sec. 1322(b)(2) precludes such a cramdown when, as in this case, the Property

is the Debtors' principal residence.

DISCUSSION

  Pursuant to 11 U.S.C. Sec. 1322(b)(2), a plan may not modify the rights of the holder of a claim

which is secured by the Debtors' principal residence.  It is assumed that Debtors will claim that there is no

equity for the second mortgage to attach to – which prevents the application of Section 1322(b)(2).  While

1

there may be other cases outside this district that allow such a result, that is clearly not the law in this district. *In re Henline*, 242 B.R. 459 (Bankr. D. Minn.,1999) (Kressel); *In re Mattson*, 210 B.R. 157, 158 (Bankr.D.Minn., 1997) (Kressel); In re Hughes, 402 B.R. 325 (Bankr. D. Minn 2009) (O'Brien); In re Frame, 09-41010 (Bankr. D. Minn. September 23, 2009) (Dreher). The logic of these cases is sound and in compliance with the statute. Bremer Bank does have a claim secured only by a security interest in real property that is the debtors' principal residence. Section 1322(b)(2) does not reference secured claims or Section 506 bifurcation. Instead, it simply requires that Bremer Bank have a claim secured only be a security interest in real property that is the debtors' principal residence – which it clearly does. Accordingly, the Plan does not meet the confirmation requisites and should be denied.

<u>CONCLUSION</u>

For all of the reasons set forth herein, Bremer Bank, N.A. respectfully requests that the Court deny confirmation of Debtors' Chapter 13 Plan.


Dated: <u>March 17, 2010</u>                    STEWART, ZLIMEN & JUNGERS

By <u>    /e/ Bradley J. Halberstadt    </u>
Bradley J. Halberstadt (#215296)
Attorneys for Movant
2277 Highway 36 West, Suite 100
Roseville, MN  55113
(612) 870-4100

In re:

Neil Allan Maxfield and Alison Rene Maxfield

      Debtor(s).

UNSWORN DECLARATION

FOR PROOF OF SERVICE

Bky. No. 10-30580

Bradley J. Halberstadt, agent of Stewart, Zlimen & Jungers, attorney(s) licensed to practice law in this court, with office address of with office address of 2277 Highway 36 West, Suite 100, Roseville, MN  55113, declares that on the date set forth below, I served the annexed **Objection to Confirmation** upon each of the entities named below by electronic transmission or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Roseville, Minnesota addressed to each of them as follows:

--------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| United States Trustee | (Attorney for Debtor(s)) | (Trustee) |
| 300 South 4th Street, Room 1015 | Craig W Andresen | Jasmine Z Keller |
| Minneapolis, MN  55415 | Craig W. Andresen Law Office | Chapter 13 Trustee |
| | 2001 Killebrew Dr RM 330 | 12 S 6th St RM 310 |
| | Bloomington, MN 55425 | Minneapolis, MN 55402 |

(Debtor(s))
Neil Allan Maxfield
14820 Southpoint Curve
Burnsville, MN 55306

Alison Rene Maxfield
14820 Southpoint Curve
Burnsville, MN 55306

--------------------------------------------------------------------------------------------------------------------
And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: <u>March 17, 2010</u>     Signed:  <u>/e/ Bradley J. Halberstadt                  </u>

--------------------------------------------------------------------------------------------------------------------

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Case No. 10-30580
                                                                     Chapter 13
Neil Allan Maxfield and Alison Rene Maxfield,
                                                                  ***ORDER***

        Debtors.

        This matter came before this Court for confirmation of the Chapter 13 plan of

reorganization of Debtor(s).  Based upon all the files and records, the Court makes this Order

pursuant to the Federal Rules of Bankruptcy Procedure.

        IT IS HEREBY ORDERED, That confirmation of the Chapter 13 plan of Debtor(s) is

denied.

Dated: _____              _____
                                       Gregory F. Kishel
                                       United States Bankruptcy Judge

352851